IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRANT POLLET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. A-10-CA-580-SS |
| | § | |
| AURORA LOAN SERVICES, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT, AURORA LOAN SERVICES, LLC'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 8, 9(b), and 12(b)(6), Defendant, Aurora Loan Services, LLC ("Aurora"), files this its Motion to Dismiss or, in the alternative, for a More Definite Statement, and respectfully states as follows:

### I.    Introduction

1.    Plaintiff's Original Complaint ("Complaint") alleges that various lending institutions, and brokerage agents "in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement...in furtherance of a carefully crafted scheme intended to defraud." *Complaint p.1, l l. 17-22*. Plaintiff makes sweeping allegations of a vast criminal conspiracy that he admits "may seem somewhat outrageous and counter-intuitive." *Complaint p.2, l. 34*. Plaintiff consistently makes claims against various unidentified brokerage agents and lenders, refers to disparate parties interchangeably, and often collectively refers to distinct entities simply as "Defendants." Plaintiff does not allege any specific claims against Aurora, and all direct claims that are alleged against "Defendants" refer generally to various unidentified lenders, agents, and brokers who are not parties to this case.

2.    The Complaint sets forth no specific factual allegations against Aurora. It consists only of a long narrative explaining the legislative, historical, and societal causes of the current "real estate crisis" as well as various and sweeping claims of conspiracy, collusion, and fraud perpetrated by those in charge of the real estate and lending industries.

3.    Further, the Complaint is potentially subject to Rule 11 sanctions as Plaintiff appears to have made no reasonable inquiry or investigation prior to filing the suit. FED. R. CIV. P. 11. Specifically, the entire Complaint is nearly identical to two other cases being handled by our firm that were filed by separate pro se plaintiffs in Austin, Texas.[1]  It appears to be an internet pleading from a website that details ways to stop foreclosure and offers to assist in preparing legal documents.[2]  Upon information and belief, Plaintiff purchased and filed a pre-drafted, fill-in-the-blank complaint in an effort to stop foreclosure without any inquiry or investigation into the supporting facts and law.[3]

4.    In sum, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Rule 8 because it fails to plead short and plain statements of the allegations against Aurora, and Rule 9(b) for failure to plead fraud with particularity.

---

[1] *Muniz v. American Home Mortgage Servicing, Inc.*, No. A-10-CA-5488-JN (W.D. Tex. 2010); and *Mersha v. American Home Mortgage S ervicing, Inc.*, No. D-1-GN-10-001505 (261st Dist. Ct. Travis County, Texas).
[2] http://remediesinrealestate.com/root/index.html. The website is run by Randall Kelton, a radio personality in Austin, Texas that offers legal advice to help homeowners prevent foreclosure.  Archives of Mr. Kelton's radio show, in which he often discusses foreclosure avoidance, may be found online at http://ruleoflawradio.com/archive.
[3] Mr. Kelton admits on his radio show that his draft complaints contain a large number of "generic" claims intended to make the lawsuit difficult to answer, with certain, case-specific dollar amounts included to avoid a 12(b)(6) motion to dismiss.  He also advises listners to file a motion for sanctions in response to a 12(b)(6) motion to dismiss. An archived recording of Mr. Kelton discussing these issues on his radio show on July 29, 2010 is available at http://ruleoflawradio.com/archive/?p=3303#comments by clicking on the link ROL_2010-07-29_16k.mp3, with specific discussion taking place at 1h26m20s as Mr. Kelton fields telephone calls from Mark in Wisconsin and Steve in Texas.

## II.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

5.    Plaintiff's Complaint should be dismissed because all of his purported causes of action lack either a legal or factual basis.

> While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where a party fails to plead factual allegations sufficient to raise a right to relief above the speculative level, a complaint should be dismissed. *Id.* A complaint should similarly be dismissed where the petitioner does not set forth a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. Tex. 2001).    Applying these standards to Plaintiff's Complaint, each of the following claims should be dismissed:

### *Statement of Claims*

6.    Plaintiff's Complaint contains a large section entitled "Statement of Claim", separate and apart from Plaintiff's "Causes of Action" that nevertheless appears to make a number of substantive allegations. Specifically, Plaintiff's "Statement of Claim" contains each of the following subsections: Defendants Lack Standing, Criminal Conspiracy and Theft, Agent Practiced Up-Selling, Fraudulent Inducement, Extra Profit on Sale of Predatory Loan Product, Lender Attempting to Fraudulently Collect on Void Lien, Lender Profit by Credit Default Swap Derivatives, Truth in Lending Variances, Lender Charged False Fees, Lender Split Note, Improper Fees for Second Note, RESPA Penalty, Lender Conspired with Appraiser, Lender Conspired with Trustee, Deceptive Advertising and Other Unfair Business Practices, Equitable Tolling for TILA and RESPA, Business Practices Concerning Disregarding of Underwriting Standards, Unjust Enrichment, Claim to Quiet Title, and Sufficiency of Pleading. It is unclear

whether these are factual allegations intended to support Plaintiff's causes of action or whether Plaintiff is seeking separate damages for these claims as the only overlap between Plaintiff's "Statement of Claim" and "Causes of Action" are his Truth-in-Lending and Fraud claims.

7.      Only two of these sections, "Lender Charged False Fees", and "Improper Fees for Second Note", contain specific factual allegations.   These two sections list specific dollar amounts that were charged at closing that Plaintiff claims were improper and false.   However, aside from Plaintiff's conclusory statements that the fees were false, and the list of the fees themselves, Plaintiff presents no facts to support his argument that the fees were indeed false. Disregarding Plaintiff's legal conclusions, disguised as fact, the list of fees, standing alone is not enough to make Plaintiff's claims plausible.  *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) (Supreme Court outlines two-prong test for applying pleading standards as interpreted in *Twombly,* 550 U.S. 544).   As such, Plaintiff's claim that Aurora charged false fees should be dismissed.

8.      The remaining subsections under "Statement of Claim" either consist of nothing more than conclusory allegations and formulaic recitations of the elements of causes of action, or do not set forth a legally cognizable claim.   Therefore any substantive claims Plaintiff intended to make under his "Statement of Claim" should be dismissed.

### *RESPA Limitations*

9.      Apart from failing to state facts sufficient to support a plausible claim, Plaintiff's RESPA-related claims, made under his "Statement of Claim" are barred by the one or three year statute of limitations found at 12 U.S.C. § 2614.  Plaintiff's RESPA claims accrued at the time the loan closed in October 2006 when Plaintiff knew, or should have known by exercise of reasonable diligence of the alleged violations.  Limitations on Plaintiff's RESPA claims expired

at the latest in October 2009, nearly 10 months before Plaintiff filed the present action. As such, Plaintiff has failed to state a claim under RESPA upon which relief may be granted and his RESPA claims should be dismissed.

### Breach of Fiduciary Duty

10.     Plaintiff alleges that "Agent, appraiser, trustee, Lender, et al, and each of them" owed him a fiduciary duty and breached it. *Complaint p. 20, l. 562.* The Complaint does nothing more than provide a formulaic recitation of the elements of a cause of action for breach of fiduciary duty without making any legal or factual allegations for the existence of any such duty or breach thereof. Additionally, no such duty exists between lenders and borrowers under Texas law. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007). Therefore, the Complaint sets forth no cognizable claim for breach of fiduciary duty against Aurora and should be dismissed.

### Negligence / Negligence Per Se

11.     Plaintiff alleges that Defendants owed him a "general duty of care" as well as a duty of care under TILA, HOEPA, RESPA and Regulations X and Z promulgated thereunder. Plaintiff refers generally to "Defendants" without specific reference to Aurora or any actions taken by Aurora that constitute a breach, and Plaintiff fails to allege any facts that suggest Aurora is liable for the conduct of others. Plaintiff's claim therefore amounts to nothing more than a formulaic recitation of the elements of a cause of action for negligence and negligence per se, and should be dismissed.

12.     Plaintiff's negligence claims are also time-barred by the applicable statute of limitations. Under Texas law, the statute of limitations on a negligence claim is two years. Tex. Civ. Prac. & Rem. Code § 16.003. Claims brought under TILA are barred by the one year

statute of limitations found at 15 U.S.C. § 1640(e). And claims brought under RESPA are barred by the one or three year statue of limitations found at 12 U.S.C. § 2614. Plaintiff's negligence and negligence per se claims appear to be based on conduct occurring at the time the loan was originated in October 2006. Thus limitations expired, at the latest in October 2009, and Plaintiff's negligence and negligence per se claims should be dismissed.

### Fraud

13.     Plaintiff's fraud claim consists of a broad recitation of some of the elements of common-law fraud that (1) fails to identify any specific misrepresentations that were made by any party, and (2) refers generally to the conduct and representations of unidentified agents not parties to this suit. Plaintiff makes no specific allegations against Aurora. Plaintiff does not allege that Aurora made any false representations with intent that Plaintiff should act on them, or that Plaintiff relied on any false representations made by Aurora. Further, Plaintiff has pleaded no facts sufficient to support any of the elements of common law fraud. *See Allstate Ins. Co. v. Receivable Finance Co., L.L.C.,* 501 F.3d 398, 406 (5th Cir. 2007). As such, Plaintiff's Complaint does not plead facts sufficient to raise a right to relief above the speculative level.

### Breach of the Implied Covenant of Good Faith and Fair Dealing

14.     Plaintiff alleges that Aurora breached the implied covenant of good faith and fair dealing. There is no implied covenant of good faith and fair dealing in Texas between parties to an ordinary mortgage transaction. *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). Therefore Plaintiff has no legally cognizable claim and his Complaint should be dismissed.

### *Violation of TILA and Regulation Z*

15.     Plaintiff alleges that Aurora violated the Truth in Lending Act ("TILA") and Regulation Z by "claiming a fraudulent payment amount not consistent with the provisions of the contract entered into by Petitioner" on the Truth in Lending Statement. *Complaint p. 11, l. 310-11.* Claims made under TILA are subject to the one-year statute of limitations found at 15 U.S.C. § 1640(e). Although some courts have applied equitable tolling to TILA claims, in this case Plaintiff knew, or should have known by exercise of reasonable diligence of any inconsistencies between the Note and TILA Statement when he signed both documents at closing in October 2006 and equitable tolling does not apply. As the statute of limitations has long expired, Plaintiff has failed to state a claim under TILA upon which relief may be granted and his TILA claim should be dimissed.

### *Intentional Infliction of Emotional Distress*

16.     Plaintiff alleges that Aurora engaged in extreme and outrageous conduct that caused him severe emotional distress. Plaintiff fails to make any factual allegations that Aurora acted intentionally or recklessly and fails to specify the manner in which Aurora's actions were extreme and outrageous. Instead, Plaintiff makes bare allegations of the elements of intentional infliction of emotional distress without making a single factual allegation with respect to Aurora. *See Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 243 (5th Cir. 1993). As a result, the Complaint does nothing more than provide a formulaic recitation of the elements of a cause of action and should be dismissed.

### III.    Rule 8 Motion to Dismiss for Failure to Plead a Short and Plain Statement of Claims

17.     A complaint is subject to dismissal for failure to plead a "short and plain statement...showing that the pleader is entitled to relief". *Twombly*, 550 U.S. at 555. A complaint

is required to be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). As such, a complaint is also subject to dismissal on the ground that it is unintelligible. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir.2004); *Hampton v. City of Houston*, 2008 U.S. Dist. LEXIS 14414 (D. Tex. 2008).

18.    Plaintiff's Complaint is not a short and plain statement, but instead provides a confusing narrative on Plaintiff's version of the history of the mortgage industry, with vague references to sweeping conspiracies. Plaintiff's allegations are not simple, concise, and direct. Plaintiff fails to clearly set forth what allegations are being made against what entities, refers to various and disparate lending institutions, brokerage agents, and mortgage investors interchangeably, none of whom are parties to this case, and fails to specify the precise nature of his claims.

19.    Plaintiff's Complaint is also confusing, unintelligible, and incomprehensible, consisting almost entirely of a narrative explaining Plaintiff's version of the legislative, historical, and societal causes of the current "real estate crisis" as well as various and sweeping claims of conspiracy, collusion, and fraud perpetrated by those in charge of the real estate and lending industries. At no point does Plaintiff refer specifically to Aurora, complain of actions taken by Aurora, or allege that Aurora violated any law. *See Hampton*, 2008 U.S. Dist. LEXIS 14414.

20.    Therefore, Aurora asks that the Complaint be dismissed for failing to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

### IV.    Rule 9(b) Motion to Dismiss for Failure to Properly Plead Fraud

21.    In all pleadings alleging fraud, the circumstances constituting fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). Plaintiff alleged fraud but did not plead with

particularity and the claim should be dismissed as a result. Plaintiff asserts that "Defendants committed numerous acts of fraud against Petitioner in furtherance of a carefully crafted scheme intended to defraud Petitioner." *Complaint p. 1, ll. 19-20*. Plaintiff alleges that an unidentified lending agent "facilitated, aided, and abetted various agents in their negligent misrepresentation" of Plaintiff's residential mortgage. *Complaint p. 22, ll. 599-600*. However, Plaintiff fails to provide any additional facts, fails to allege any specific acts or representations made by Aurora, and fails to plead facts sufficient to place Aurora on notice of the time, place, nature, or manner of any alleged fraud.

22.     Therefore, Aurora asks that Plaintiff's fraud claim be dismissed for failing to plead fraud with particularity.

### V.     Alternative Motion for More Definite Statement

23.     In the alternative, if the Court finds that a claim has been stated against Aurora, Aurora asks the Court to order Plaintiff to provide a more definite statement of his claims. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response, the court may order that a more definite statement be filed.

24.     The Complaint is so vague that Aurora is unable to draft a response or prepare a defense, most notably because the allegations are so confusing that there is nothing for Aurora to admit or deny.  A motion for more definite statement is appropriate when the complaint is so unintelligible that a responsive pleading cannot be crafted. *Bureerong v. Uvawas*, 922 F. Supp 1450, 1461 (C.D. Cal. 1996).  Therefore, Aurora alternatively requests the Court to order Plaintiff to amend his Complaint to include more definite statements within fourteen (14) days of the Court's order and if the Plaintiff should fail to do so, the Court dismiss this case.

### Conclusion and Prayer

For all of the above and foregoing reasons, Aurora respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice to the refiling of the same or, in the alternative, order the Plaintiff to specifically re-plead his claims against Aurora pursuant to Rule 12(e) within fourteen (14) days of the Court's order or else this case will be dismissed, and grant such other and further relief to which Aurora may be justly entitled.

Respectfully submitted,

/s/ J. Garth Fennegan
J. Garth Fennegan
Texas Bar No. 24004642
gfennegan@settlepou.com
Attorney-in-Charge
Jacob L. McBride
Texas Bar I.D. 24070231
jmcbride@settlepou.com

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR AURORA LOAN
SERVICES, LLC

P:\LITIGATE\10\0059\12(b)(6) Motion Dismiss 002.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRANT POLLET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. A-10-CA-580-SS |
| | § | |
| AURORA LOAN SERVICES, | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE AS TO AURORA LOAN SERVICES' MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

I hereby certify that on the 13th day of September, 2010, I electronically filed with the Clerk of Court Defendant, Aurora Loan Services' Motion to Dismiss or, in the alternative, for a More Definite Statement using the CM/ECF system.

And I hereby certify that I have mailed on September 13, 2010, by United States Postal Service the document to the following non-CM/ECF participants:

Via First Class Mail
and CM/RRR No. 7160 3901 9848 8591 9828
Grant Pollet, *Pro Se*
8703 Meridian Oak Lane
Austin, Texas 78744

*/s/ J. Garth Fennegan*
J. Garth Fennegan

P:\LITIGATE\10\0059\CERT OF SERVE 001.doc

CERTIFICATE OF SERVICE AS TO AUORA LOAN SERVICES' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT                    `1 OF 1