IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**GRANT POLLET,**
                    **Plaintiff,**

-vs-                                                                                        Case No.  A-10-CA-580-SS

**AURORA LOAN SERVICES,**
                    **Defendant.**

## __O R D E R__

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Grant Pollet ("Pollet")'s Response to Motion to Dismiss [#21]; and Pollet's Motion for Extension of Time to File Notice of Appeal [#23].  Having reviewed the motions, the relevant case law, and the file as a whole, the Court now enters the following opinion and orders DENYING Pollet's motions.

### Background

Pollet complains about alleged irregularities in the foreclosure of his primary residence.  On August 3, 2010, the same day the foreclosure sale for his house was to take place, Pollet filed his original complaint in this Court; in addition to monetary damages of over 3.5 million dollars, he sought a preliminary injunction to prevent Defendant Aurora from foreclosing on his home.  Because Pollet admitted to being in default on his loans, demonstrated no substantial likelihood of success on the merits of his claim, and had waited until the very day of foreclosure to file his suit, the Court entered an order [#6] denying his application for a preliminary injunction.

On September 13, 2010, Aurora filed a motion to dismiss Pollet's complaint for failure to comply with Federal Rules of Civil Procedure 8 or 9(b), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Although Pollet's complaint was so deficient as to be sanctionable under Rule 11, the Court merely issued a warning to Pollet and dismissed his complaint without prejudice [#14].

Pollet filed an amended complaint on October 25, 2010, and on November 9, 2010, Aurora again moved to dismiss under Rules 8, 9(b), and 12(b)(6). Pollet did not file a response within the time allotted by the local rules. The Court granted Aurora's motion [#19] on December 17, 2010, dismissing Pollet's claims against Defendant with prejudice; on the same day the Court entered an order of dismissal [#20].[1]

On December 22, 2010—about a month and a half after Aurora filed its motion to dismiss, and five days after the Court granted the motion and dismissed this case—Pollet filed his response to Aurora's motion to dismiss. Apparently realizing his mistake, Pollet subsequently filed his Motion for Extension of Time to File Notice of Appeal on January 18, 2011.

For the following reasons, the Court now DENIES these motions.

**Analysis**

**I.     Response to Motion to Dismiss [#21]**

Because Pollet's "response" was obviously not timely filed to serve that purpose, the Court construes it as a motion for reconsideration.

---

[1] Pollet named additional Defendants in his amended complaint, but failed to serve them. The Court dismissed Pollet's claims against these unserved Defendants without prejudice.

1.  **Legal Standard**

Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, or inadvertent clerical errors, or to present newly-discovered evidence. *Id.* Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts. *Id.*

2.  **Application**

Unfortunately, Pollet's response is literally that—a paragraph-by-paragraph response to Defendant's motion to dismiss. All of the arguments in Pollet's response could have been brought in a timely fashion before judgment, and he does not mention, much less oppose, any of the Court's legal or factual bases for dismissal. It seems likely Pollet filed his response before he was aware the Court had dismissed his case; it thus does not translate well into a motion for reconsideration. Because Pollet's response simply rehashes arguments that could have been made prior to the order of dismissal, the Court DENIES his motion for reconsideration.

**II.     Motion for Extension of Time to File Notice of Appeal [#23]**

Pollet asks the Court to grant him a 30-day extension of time in which to file his notice of appeal. Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) allows a court to grant such an extension if the moving party "shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(ii). The decision whether to grant such an extension is within the discretion of the district court. *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979).

Pollet argues his alleged discovery of new evidence constitutes "good cause" for an extension of time under Rule 4. In summary, this purported new evidence is: (1) unidentified "new prima facie evidence" of predatory lending by Defendant Aurora; (2) an alleged agent of an unserved Defendant also worked for Defendant Aurora and various other companies at the same time; (3) the trustee who allegedly invoked the power of sale violated the Texas Property Code because he allegedly acted as legal counsel for Defendant Aurora; (4) Defendant Aurora made unidentified "erroneous statements" at the August 3, 2010 hearing; (5) the alleged investor of the promissory note did not exist as a legal entity; (6) the contact phone number associated with Pollet's mortgage, as listed on an unserved Defendant's website, allegedly did not belong to Defendant Aurora; and (7) "other new evidence such as but not limited to irregularities with recorded documents in the Travis County records." Motion for Extension of Time [#23] at 3.

Pollet's Motion for Extension of Time better fills the role of a motion of reconsideration than his untimely-filed response, above. However, even if the Court were to credit Pollet's "new evidence," unsubstantiated and conclusory statements included, the evidence would not be sufficient to warrant reconsideration. Pollet has failed to, among other things, demonstrate how this "new evidence" vindicates a claim previously rejected by this Court, nor how it establishes

the basis of a new claim. Thus, liberally construing this motion as a motion for reconsideration as well as a motion to extend time does not change the Court's decision to deny reconsideration.

The Court likewise denies Pollet's motion for extension of time. The discovery of this "new evidence" seems unrelated to whether Pollet could have filed a notice of appeal within the allotted 30-day period. Moreover, the evidence he lists is of dubious relevance, entirely unidentified, unhelpfully vague, or a combination of the three. Finally, large parts of Pollet's case appear to be veiled collateral attacks on a Texas court's judgment regarding his mortgage. As noted in the Court's most recent order dismissing Pollet's cause, the Court has neither the power nor the inclination to disturb that judgment.

In sum, the Court finds no good cause to extend the deadline for Pollet to file a notice of appeal. His motion is therefore DENIED.

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that Plaintiff Grant Pollet's Response to Motion to Dismiss [#21], construed by the Court as a Motion for Reconsideration, is DENIED;

IT IS FINALLY ORDERED that Pollet's Motion for Extension of Time to File Notice of Appeal [#23] is DENIED.

SIGNED this the 18th day of January 2011.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE